UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORA MCEWEN, as Successor
Trustee or Sefton Bennett Strickland,
Jr., living trust dated August 19, 2014

        Plaintiff,

v.                                          Case No.:  2:19-cv-880-FtM-38NPM

EVERETT RUSSEL STRICKLAND,

        Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendant Everett Russell Strickland's Motion to Dismiss Complaint (Doc. 12) and Plaintiff Debora Ann McEwen's response (Doc. 14).

McEwen filed this case to request a judgment declaring her, not Strickland, successor trustee of the Sefton Bennett Strickland, Jr. Living Trust. (Doc. 1). She alleges that the adult beneficiaries of the Trust purported to revoke her status as trustee and designate Strickland as the new trustee, all in violation of the trust document. Strickland moves to dismiss for lack of personal and subject matter jurisdiction, improper venue, and forum non conveniens. The Court finds that it lacks subject matter jurisdiction, rendering the remaining arguments moot.

McEwen alleges diversity jurisdiction. To show the amount in controversy, she claims that the Trust holds assets valued over $75,000. Strickland objects because the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

trust assets are not "in controversy," as the Court's decision would not change how the assets are distributed.

As the party seeking to invoke this Court's jurisdiction, McEwen "must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); 28 U.S.C. § 1332. Because she seeks declaratory relief, McEwen must prove by a preponderance of the evidence that the monetary value of the object of litigation exceeds the jurisdictional minimum.[2] *Id.* McEwen depends on the entirety of the trust assets being the object of litigation. But her Complaint merely seeks an order declaring her trustee. The object of litigation is not the trust but the right to manage the trust. *See In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 66 (3rd Cir. 1994) ("The mere request for removal of a trustee does not place the entire trust corpus into controversy…"). Because McEwen has not shown that the value of the right to manage the trust exceeds $75,000, this Court lacks jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant Everett Russell Strickland's Motion to Dismiss Complaint (Doc. 12) is **GRANTED**.

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

---

[2] Both parties argue that dismissal is justified only if it appears to a legal certainty that the claim is really for less than the jurisdictional limit. But when the claim is for indeterminate damages, the "legal certainty" test gives way to the "preponderance of the evidence" standard. *McKinnon Motors*, 329 F.3d at 807.

2. Plaintiff may file an amended complaint to correct the jurisdictional deficiency on or before **January 3, 2020. Failure to do so will result in the Court closing the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3