UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORA ANN MCEWEN, as
Successor Trustee of Sefton Bennett
Strickland living trust dated August 19,
2014

    Plaintiff,

v.                                            Case No.:  2:19-cv-880-FtM-38NPM

EVERETT RUSSEL STRICKLAND,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Everett Russel Strickland's Motion to Dismiss Amended Complaint with Prejudice (Doc. 25) and Plaintiff Debora Ann McEwen's responses (Doc. 28).

This case centers on the Sefton Bennet Strickland Jr. Living Trust, executed in North Carolina by Sefton Strickland in August 2014. The Trust named Sefton Strickland the initial trustee, McEwen the successor trustee, Terry Weeks as alternate successor trustee, and Sefton Strickland's five children, including the parties, as the beneficiaries. Sefton Strickland funded the Trust with real property in Virginia and North Carolina. In March 2019, Sefton Strickland traveled to Florida to stay with McEwen at her home in Alva. The parties dispute whether Sefton Strickland intended his move to be permanent, but he was still in Florida when he died on April 20, 2019.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Upon Sefton Strickland's death, McEwen became the trustee and began administering the Trust. Meanwhile, the other four beneficiaries signed a document purporting to remove McEwen and Weeks as trustee and successor trustee and appoint Everett Strickland as the new trustee. Everett recorded the purported revocation and a Certification of Trust, naming himself as the acting trustee. He began collecting rents from tenants of Trust property and is living in a house owned by the Trust.

McEwen asks this Court to declare her the rightful trustee and enjoin Strickland from interfering with administration of the Trust. McEwen also seeks damages for Strickland's conversion of Trust property and rents. Everett moved to dismiss for lack of personal and subject matter jurisdiction, improper venue, and forum non conveniens. (Doc. 12). The Court found McEwen's initial amount-in-controversy allegations lacking and dismissed the Complaint with leave to amend. (Doc. 21). McEwen filed an Amended Complaint (Doc. 22). Everett, in his second motion to dismiss, renews his original arguments and addresses the amendments.

### A. Personal Jurisdiction

Everett Strickland, a citizen of North Carolina, argues the Court lacks jurisdiction over him. Courts consider two questions when asked to exercise jurisdiction over out-of-state defendants: "(1) whether personal jurisdiction exists under the forum state's long-arm statute; and (2) whether exercising jurisdiction over the nonresident defendant would violate the Due Process Clause of the Fourth Amendment." *Rowe v. Gary, Williams, Parteni and Gary, P.L.L.C.*, 723 F. App'x 871, 874 (11th Cir. 2018) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). McEwen bears the initial burden of alleging facts sufficient to establish a prima facie case of jurisdiction. *Wolf v. Celebrity*

*Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017). The burden then shifts to Everett to rebut McEwen's allegations. *Id.* If the rebuttal evidence succeeds, the burden "shifts back to [McEwen] to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002)). If the parties' evidence conflicts, "the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

Before addressing the long-arm statute, Florida law requires the Court to first consider "whether the allegations of the complaint state a cause of action." *Dollar Rent a Car, Inc. v. Westover Car Rental, LLC*, No. 2:16-cv-363-FtM-29C, 2017 WL 5495126, at *3 (M.D. Fla. Nov. 16, 2017) (quoting *PVC Windoors, Inc. v. Babbitbay Beach Const, N.V.*, 598 F.3d 802, 808 (11th Cir. 2010)). 28 U.S.C. § 2201 allows a court to enter declaratory judgment "[i]n any case of actual controversy within its jurisdiction." McEwen's Amended Complaint describes an actual controversy, so she has stated a cause of action for a declaratory judgment.

The Court must next determine whether Florida's long-arm statute extends to Everett. McEwen relies on Florida's trust-specific long-arm statute, which casts a wide net so long as the trust's principal place of administration is in Florida:

> (1) In rem jurisdiction.–Any beneficiary of a trust having its principal place of administration in this state is subject to the jurisdiction of the courts of this state to the extent of the beneficiary's interest in the trust.
>
> (2) Personal jurisdiction.–
>     (a) Any trustee, trust beneficiary, or other person, whether or not a citizen or resident of this state, who personally or through an agent does any of the following acts related to a trust, submits to the jurisdiction of the courts of this state involving that trust:

> 1. Accepts trusteeship of a trust having its principal place of administration in this state at the time of acceptance…
> 3. Serves as trustee of a trust created by a settlor who was a resident of this state at the time of creation of the trust or serves as trustee of a trust having its principal place of administration in this state…
> 7. Performs any act or service for a trust having its principal place of administration in this state.
>
> (b) A court of this state may exercise personal jurisdiction over a trustee, trust beneficiary, or other person, whether found within or outside the state, to the maximum extent permitted by the State Constitution or the Federal Constitution.

FLA. STAT. § 736.0202.

The Trust does not designate a principal place of administration, but it does require construction under North Carolina law. N.C. Gen. Stat. § 36C-1-103 defines "principal place of administration" as "[t]he trustee's usual place of business where the records pertaining to the trust are kept or the trustee's residence if the trustee has no usual place of business." Everett's reliance of N.C. Gen. Stat. § 36C-1-108 is misplaced. §108 provides trustees a way to change the principal place of administration through notice to and consent of the beneficiaries. But it is not the only way for the principal place of administration to change. *See* N.C. GEN. STAT. § 36C-1-108(b) ("Without precluding the right of the court to order, approve, or disapprove a transfer, the trustee may transfer the trust's principal place of administration…"). When Sefton Strickland died and McEwen became the trustee, the principal place of administration became McEwen's home in Alva, Florida.

Aside from the principal place of business, Everett does not seriously challenge that Fla. Stat. § 736.0202 extends jurisdiction to this case. And rightfully so—the statutes' catch-all provision provides for jurisdiction to the maximum extent permitted by the Florida and federal constitutions. FLA. STAT. § 736.0202(2)(b).

Everett does however challenge jurisdiction on due-process grounds. Courts in the Eleventh Circuit apply a three-part test in specific-jurisdiction cases:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Rowe*, 723 F. App'x at 875 (internal quotation marks omitted). McEwen must establish Everett's minimum contacts with Florida by proving the first two prongs. *Id.* In this part of the analysis, courts focus on a defendant's "contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Aviation One of Fla.*, 722 F. App'x at 880 (citing *Walden*, 571 U.S. at 277). The contacts cannot be merely "random, fortuitous, or attenuated." *Id.* And "the plaintiff cannot be the only link between the defendant and the forum." *Id.*

McEwen, a Florida resident, has shown that Everett tried to usurp her position as trustee the Trust, which has its principal place of administration in this state. And Everett purported to remove Terry Weeks, another Florida resident, as successor trustee. As part of that effort, Everett obtained the signature of his brother Scott, notarized by a Florida notary public in Collier County, Florida. Everett then used that Florida-notarized signature as support for the Certificate of Trust he shows to third parties to legitimize his interference in trust administration. The Court finds that given Everett's contacts with this state, he should have anticipated being haled into a Florida court to defend his actions.

With minimum contacts established, Everett must "make a 'compelling case' that exercising jurisdiction would violate traditional notions of fair play and substantial justice." *Rowe*, 723 F. App'x at 875. In this analysis, courts "look to the burden of the defendant,

the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the shared interest of the several states in furthering fundamental substantive social policies." *Id.* at 876 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1274 (11th Cir. 2010)). But Everett presents no argument or evidence beyond reiterating his challenges to the minimum-contacts requirement and the sufficiency of the Amended Complaint. Because Everett failed to show that litigating this case in Florida would be unfair or unjust, the Court finds that it can exercise jurisdiction over him.

### B. Subject Matter Jurisdiction

McEwen alleges diversity jurisdiction, which requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties agree that McEwen is a citizen of Florida and Everett is a citizen of North Carolina. But Everett argues that since McEwen filed this case solely in her capacity as trustee, the Trust is the true plaintiff. And since the Trust's citizenship is that of its trustee, the Court must determine the merits of the case (i.e., the rightful trustee) before it can determine subject matter jurisdiction. But Everett mounts a facial attack on subject matter jurisdiction, not a factual attack, and when deciding facial attacks, courts take the allegations in the complaint as true. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.6 (11th Cir. 2003). So for subject-matter-jurisdiction purposes, the Court assumes that McEwen is the rightful trustee and that the parties are diverse.

The Court dismissed McEwen's original Complaint because she improperly relied on the value of the trust property to establish the amount in controversy. To paraphrase

6

*In re Corestates Tr. Fee Litig.*, 39 F.3d 61 (3rd Cir. 1994), the mere request to determine the rightful trustee does not place the entire trust corpus into controversy. But in the Amended Complaint, McEwen salves this jurisdictional wound by alleging that Everett has taken control of Trust assets, including a house worth over $250,000 adding a count of conversion of that property. While Everett challenges the merits of the conversion claim, the Court must take the allegations as true in deciding his facial attack on subject matter jurisdiction. The Court thus finds that McEwen has established diversity jurisdiction.

### C. Venue

Both parties did a poor job of briefing the venue issue. Everett cites the controlling federal statute, 28 U.S.C. § 1391, but then relies entirely on inapplicable Florida case law. See *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1068 (11th Cir. 1987) ("Venue is a matter of federal procedure[.]"). McEwen dedicates two sentences to the venue issue before moving on to *forum non conveniens*:

> Since Debora in her capacity as trustee establishes that she is entitled under North Carolina law, as a resident of this Court's jurisdiction, to seek the protection of this Court against a usurper of Trust property, then venue is clearly proper in this District. Debora properly brought this action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

(Doc. 28 at 18). McEwen's first point—that venue is proper because this Court has jurisdiction—is incorrect. Jurisdiction and venue are distinct issues that require separate analyses, so a Court with jurisdiction over a case can still be an improper venue. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (rejecting a line of cases that conflate "minimum contacts" personal jurisdiction analysis with proper venue

analysis). McEwen's second sentence correctly identifies the point she needs to make, but she fails to support it with any relevant facts or allegations.

> 28 U.S.C. § 1391(b) dictates the proper venues for federal diversity cases:
>
> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This venue is improper under § 1391(b)(1) because Everett resides in North Carolina, so the Court must turn to § 1391(b)(2). When deciding whether a substantial part of the events or omissions giving rise to a claim occurred in a venue, courts "focus on the relevant activities of the defendant, not of the plaintiff." *Jenkins*, 321 F.3d at 1371-72 (quoting *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995)). And only the acts and omission that have a close nexus to the wrong are relevant. *Id* at 1372. Venue is improper under the first part of § 1391(b)(2) because Everett conducted all his allegedly wrongful acts in North Carolina. McEwen likewise cannot proceed under the second part of § 1391(b)(2) because she has identified no Trust property situated in this district. Finally, § 1391(b)(3) does not apply because McEwen could bring the case in the Middle District of North Carolina under § 1391(b)(1).

Having found venue improper, the Court may dismiss the case or, in the interest of justice, transfer the case to a district in which McEwen could have filed it. 28 U.S.C. § 1406(a). McEwen specifically requested in her Response that the Court not transfer her case to North Carolina. And the Court recognizes that venue might be proper in Florida state court. The Court will thus dismiss the case.

Accordingly, it is now

**ORDERED:**

Defendant Everett Russel Strickland's Motion to Dismiss Amended Complaint with Prejudice (Doc. 25) is **GRANTED**.

(1) Plaintiff Deborah McEwen's Amended Complaint is **DISMISSED without prejudice**.

(2) The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record